IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHET MICHAEL WILSON**,<br>Individually and on behalf of all<br>Others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**COVERRIGHT INSURANCE SERVICES INC.**,<br><br>    Defendant. | CASE NO:   1:25-cv-06357<br><br>The Hon. Diane Gujarati |

### DEFENDANT COVERRIGHT INSURANCE SERVICES INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Coverright Insurance Services Inc. ("CoverRight") hereby answers the allegations in Plaintiff Chet Michael Wilson's ("Plaintiff") Class Action Complaint (the "Complaint"), filed November 17, 2025. Doc. 1. To the extent the paragraphs of the Complaint are grouped under headings and subheadings, CoverRight responds generally that such headings and subheadings state legal conclusions as to which no response is required. Except as explicitly admitted herein, each and every allegation of the Complaint is denied. CoverRight further answers the numbered paragraphs of the Complaint on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### RESPONSE TO SPECIFIC ALLEGATIONS

1. CoverRight admits that Plaintiff filed a purported Class Action Complaint, but denies that Plaintiff is entitled to any relief and denies that class certification is appropriate or permissible under applicable law. Except as expressly admitted, CoverRight denies the allegations of Paragraph 1.

2. CoverRight denies the allegations of Paragraph 2.

### Jurisdiction and Venue

3. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, CoverRight denies that the Court has subject matter jurisdiction over Plaintiff's claim for an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), as Plaintiff lacks standing to assert this claim.

4. CoverRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies those allegations.

5. CoverRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies those allegations.

### Parties

6. CoverRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis denies those allegations.

7. CoverRight admits only that it maintains a principal place of business and headquarters in New York, but CoverRight is a Delaware corporation. Except as expressly admitted, CoverRight denies the allegations of Paragraph 7.

### Factual Allegations

8. CoverRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies those allegations.

9. CoverRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies those allegations.

10. CoverRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies those allegations.

11. CoverRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and on that basis denies those allegations.

12. CoverRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and on that basis denies those allegations.

13. CoverRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and on that basis denies those allegations.

14. CoverRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis denies those allegations.

15. CoverRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis denies those allegations.

16. CoverRight lacks sufficient knowledge or information to determine the veracity of the allegations in Paragraph 16, and on that basis denies them.

17. The allegations in paragraph 17 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein.

18. The allegations in paragraph 18 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained there.

19. CoverRight lacks sufficient knowledge or information to determine the veracity of the allegations in Paragraph 19 and on that basis denies them.

20. The allegations in paragraph 20 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight lacks sufficient knowledge

or information to determine the veracity of the allegations in Paragraph 20 and on that basis denies them.

21. CoverRight lacks sufficient knowledge or information to determine the veracity of the allegations in Paragraph 21 and on that basis denies them.

22. CoverRight lacks sufficient knowledge or information to determine the veracity of the allegations in Paragraph 22 and on that basis denies them.

23. The allegations in paragraph 23 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein.

24. CoverRight lacks sufficient knowledge or information to determine the veracity of the allegations in Paragraph 24 and on that basis denies them.

25. CoverRight denies the allegations of Paragraph 25.

26. CoverRight denies the allegations of Paragraph 26.

27. The allegations in paragraph 27 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein.

28. The allegations in paragraph 28 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. CoverRight further denies the allegations on the basis that the at-issue messages were not directed to "Joseph."

29. CoverRight lacks sufficient knowledge or information to determine the veracity of the allegations in Paragraph 29 and on that basis denies them. CoverRight further denies the allegations on the basis that the at-issue messages were not directed to "Joseph."

30. CoverRight denies the allegations of Paragraph 30.

31. CoverRight denies the allegations of Paragraph 31.

32. The allegations in paragraph 32 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein.

33. The allegations in Paragraph 33 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein.

34. The allegations in Paragraph 34 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein.

35. CoverRight lacks sufficient knowledge or information to determine the veracity of the allegations in Paragraph 35 and on that basis denies them.

36. CoverRight denies the allegations of Paragraph 36.

37. The allegations in Paragraph 37 are not directed to CoverRight and reference what appears to be a non-party to this litigation, Better Mortgage, with whom Plaintiff is engaged in a separate litigation involving claims under the Telephone Consumer Protection Act. *See Chet Michael Wilson v. Better Mortgage Corp.*, No. 1:25-cv-05503-PAE (S.D.N.Y.). To the extent this copy-paste allegation is intended to be directed to CoverRight, CoverRight denies the allegations of Paragraph 37.

38. The allegations in Paragraph 38 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein.

39. CoverRight denies the allegations of Paragraph 39.

40. The allegations in Paragraph 40 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein.

41. CoverRight denies the allegations of Paragraph 41. CoverRight also specifically denies that the at-issue messages were directed to "Joseph."

42. CoverRight denies the allegations of Paragraph 42.

43. The allegations in Paragraph 43 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein.

44. The allegations in Paragraph 44 include a reference to an "NMLS number (#330511)," which is unrelated to CoverRight's business. Again, the allegations of Paragraph 44 appear to reference a non-party to this litigation, Better Mortgage, with whom Plaintiff is engaged in a separate litigation involving claims under the Telephone Consumer Protection Act. *See Chet Michael Wilson v. Better Mortgage Corp.*, No. 1:25-cv-05503-PAE (S.D.N.Y.). To the extent this copy-paste allegation is intended to be directed to CoverRight, CoverRight denies the allegations of Paragraph 44. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

45. The allegations in Paragraph 45 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

46. The allegations in Paragraph 46 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

47. The allegations in Paragraph 47 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

**Class Action Allegations**

48. The allegations in Paragraph 48 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

49. The allegations in Paragraph 49 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

50. The allegations in Paragraph 50 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

51. The allegations in Paragraph 51 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations

contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

52. The allegations in Paragraph 52 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

53. The allegations in Paragraph 53 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

54. The allegations in Paragraph 54 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

55. The allegations in Paragraph 55 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

56. The allegations in Paragraph 56 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

57. The allegations in Paragraph 57 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

58. The allegations in Paragraph 58 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

59. The allegations in Paragraph 59 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

60. The allegations in Paragraph 60 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

61. The allegations in Paragraph 61 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

62. The allegations in Paragraph 62 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations

contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

63. The allegations in Paragraph 63 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

64. The allegations in Paragraph 64 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

65. The allegations in Paragraph 65 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

66. The allegations in Paragraph 66 and all its subparts (a-d) constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

67. The allegations in Paragraph 67 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

68. The allegations in Paragraph 68 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

69. The allegations in Paragraph 69 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

70. The allegations in Paragraph 70 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

71. The allegations in Paragraph 71 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

72. The allegations in Paragraph 72 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

73. The allegations in Paragraph 73 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations

contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

74. The allegations in Paragraph 74 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

75. The allegations in Paragraph 75 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein. By way of further response, CoverRight denies that class certification is appropriate or permissible under applicable law.

**COUNT 1 – VIOLATION OF 47 U.S.C. § 227(c)(5).**

76. CoverRight answers Paragraph 76 by incorporating the above stated answers to Paragraphs 1–75 above.

77. CoverRight admits only that Paragraph 77 cites to an FCC ruling. CoverRight denies Plaintiff's characterizations of the TCPA, CoverRight denies any alleged violation of the TCPA, and CoverRight denies the remaining allegations of Paragraph 77.

78. CoverRight admits only that Paragraph 78 contains partial quotations from the cited cases. CoverRight denies Plaintiff's characterizations of the case law, CoverRight denies any alleged violation of the TCPA, and CoverRight denies the remaining allegations of Paragraph 78.

79. CoverRight admits only that Paragraph 79 contains a partial quotation from the Federal Communications Commission regulation, 47 C.F.R. § 64.1200(c). CoverRight denies Plaintiff's characterizations of 47 C.F.R. § 64.1200(c), CoverRight denies any alleged violation of 47 C.F.R. § 64.1200(c), and CoverRight denies the remaining allegations of Paragraph 79.

80. CoverRight admits only that Paragraph 80 contains a partial quotation from the Federal Communications Commission regulation, 47 C.F.R. § 64.1200(e). CoverRight denies Plaintiff's characterizations of 47 C.F.R. § 64.1200(c-e), CoverRight denies any alleged violation of 47 C.F.R. § 64.1200(c-e), and CoverRight denies the remaining allegations of Paragraph 80.

81. CoverRight admits only that Paragraph 81 contains a partial quotation from the TCPA, 47 U.S.C. § 227(c). CoverRight denies Plaintiff's characterizations of 47 U.S.C. § 227(c), CoverRight denies any alleged violation of 47 U.S.C. § 227(c), and CoverRight denies the remaining allegations of Paragraph 81.

82. The allegations in Paragraph 82 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein.

83. The allegations in Paragraph 83 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, CoverRight denies the allegations contained therein.

84. The allegations in Paragraph 84 contain legal conclusions for which no response is required. CoverRight otherwise denies the allegations of Paragraph 84.

85. The allegations in Paragraph 85 contain legal conclusions for which no response is required. CoverRight otherwise denies the allegations of Paragraph 85.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

CoverRight denies that Plaintiff is entitled to any relief demanded, denies that a class may be certified, and denies that any putative class member is entitled to any relief demanded.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

CoverRight denies that Plaintiff and any putative class member is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, CoverRight sets forth the following affirmative and other defenses, on personal knowledge as to its own actions and on information and belief as to the actions of others. By pleading these defenses, CoverRight does not concede that it bears the burden of proof or persuasion on any of these issues. CoverRight reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint fails to state a claim upon which relief may be granted. Among other things, Plaintiff does not allege any facts to support the conclusory allegations that he did not consent to the calls, that the message he received were unsolicited and/or telemarketing, and Plaintiff has not alleged any injury from the calls at issue.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Article III Standing)

Plaintiff's claims, as well as those of the putative Class members, are barred in whole or in part for lack of Article III standing to proceed in this matter.

### THIRD AFFIRMATIVE DEFENSE

(Prior Express Written Consent)

Plaintiff's claim, as well as those of the putative Class members, are barred in whole or in part because CoverRight obtained prior express written consent before communicating with Plaintiff and members of the putative Class.

### FOURTH AFFIRMATIVE DEFENSE

(Consent)

14

Plaintiff's claim, as well as those of the putative Class members, are barred in whole or in part because they consented to the complained of conduct by affirmatively requesting information and communication from CoverRight on their cellular phones.

### FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff's claims, as well as those of the putative Class members, are barred in whole or in part by the doctrine of estoppel and/or waiver and/or ratification.

### SIXTH AFFIRMATIVE DEFENSE

(Lack of Damage)

Plaintiff's claims, as well as those of the putative Class members, are barred in whole or in part because they suffered no damages due to CoverRight's call.

### SEVENTH AFFIRMATIVE DEFENSE

(Lack of Harm)

Plaintiff's claims, as well as those of the putative Class members, are barred in whole or in part because Plaintiff has suffered no actual and/or irreparable harm.

### EIGHTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's claims, as well as those of the putative Class members, are barred in whole or in part by the doctrine of laches and are otherwise time barred.

### NINTH AFFIRMATIVE DEFENSE

(Release)

Plaintiff's claims, as well as those of the putative Class members, are barred in whole or in part by the doctrine of release.

## TENTH AFFIRMATIVE DEFENSE

(Excessive Fines)

The statutory damage provisions of the TCPA violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, as well as the Due Process Clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiff and/or the putative class members.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Any award to Plaintiff and/or putative Class members in this action would constitute unjust enrichment.

## TWELFTH AFFIRMATIVE DEFENSE

(Contractual Limitations)

Plaintiff's claims, as well as those of the putative Class members, are barred in whole or in part by the terms and conditions and/or limitations of liability contained in applicable agreements with CoverRight.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Improper Class Action)

CoverRight alleges that this lawsuit cannot proceed as a class action, that Plaintiff's proposed class is not readily ascertainable, that Plaintiff does not or cannot fairly and adequately represent any class, that there are no common questions of fact or law that predominate over individual questions, that a class action is not superior to other means of resolving the issues presented in this lawsuit, and that the interests of the putative class are inconsistent and conflicting. Many issues in this case are fact specific and unsuitable for resolution in a class action. CoverRight

may have additional affirmative defenses to assert against class members and reserves its right to assert those affirmative defenses in a timely fashion.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Improper Class Representative)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a proper representative to bring this action on behalf of any proposed class.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Lack of Willful or Knowing Conduct)

Plaintiff's claims, as well as those of the putative Class members, are barred in whole or in part because CoverRight did not willfully or knowingly violate the TCPA or any of its regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

Plaintiff's injunction remedy is barred in light of the fact that Plaintiff has an adequate remedy at law because there is no allegation of future or ongoing harm.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Attorney's Fees)

To the extent Plaintiff or the putative Class seek recovery of attorney's fees, such fees are not recoverable under the TCPA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Arbitration)

Plaintiff and class members' claims are barred in whole or in part by binding arbitration agreements and class action waivers.

### NINETEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

CoverRight expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify affirmative defenses based upon legal theories, facts and/or circumstances which may or will be developed through discovery and/or through further legal analysis of its position in this action.

### **PRAYER**

**WHEREFORE,** Defendant prays as follows:

1. That this action cannot be maintained as a class action;

2. That the Complaint be dismissed, with prejudice and in its entirety;

3. That Plaintiff take nothing by the Complaint, and that judgment be entered against Plaintiff and in favor of CoverRight;

4. That CoverRight be awarded its costs of suit and reasonable attorneys' fees; and

5. That the Court award CoverRight such other and further relief as the Court deems just and proper.


Dated:  January 12, 2026                    **COZEN O'CONNOR**

*/s/ Rachel B. Soloman*
Rachel Bevans Soloman
3 WTC
175 Greenwich St., 55th Floor
New York, NY 10007
Tel: (212) 908 – 1378
Rsoloman@cozen.com

Max E. Kaplan (*pro hac vice* admission to be sought)

One Liberty Place
1650 Market Street, Ste. 2800
Philadelphia, Pennsylvania 19103
Tel:  (215) 665-2084
Fax:  (215) 665-2013
mkaplan@cozen.com


*Attorneys for Defendant*
*CoverRight Insurance Services Inc.*

19

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on January 12, 2026 I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing on all parties of record.

					*/s/ Rachel B. Soloman*
					Rachel B. Soloman