# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

**CHET MICHAEL WILSON**,
Individually and on behalf of all
Others similarly situated,

    Plaintiff,

v.

**COVERRIGHT INSURANCE SERVICES INC.**,

    Defendant.

CASE NO:    1:25-cv-06357

The Hon. Diane Gujarati

**JOINT STIPULATION ESTABLISHING ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY PROTOCOL**

**WHEREAS**, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protocol regarding Electronically Stored Information ("ESI Protocol") pursuant to Federal Rule of Civil Procedure 29;  and **WHEREAS**, the Parties, through counsel, agree to the terms; and **WHEREAS**, the Court finds that good cause exists for issuance of the appropriately tailored ESI Protocol governing the pretrial phase of this action, the Court enters the following ESI Protocol governing electronic discovery in this matter:

1. Purpose of the Discovery Protocol

    a. This Order will govern discovery of electronically stored information ("ESI") in this case between Plaintiff Chet Michael Wilson ("Plaintiff") and Defendant CoverRight Insurance Services, Inc. ("CoverRight" or "Defendant") (individually, a "Party," and collectively, the "Parties")

as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules. Nothing in this order is intended to alter or affect any Party's rights or obligations under any order by the assigned Judge, but shall be construed instead, wherever possible, as consistent with any order by the assigned Judge.

2. ESI refers to any electronically stored information in the possession, custody, or control of the parties to this action.

3. ESI is to be interpreted broadly, to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; messages; e-mail; telephone message records or logs; removable computer storage media such as external hard drives, flash drives and cards; printouts; document image files; databases; spreadsheets; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; photographs; video, tape, or digital recordings or transcripts thereof; drafts, and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in the definition of ESI.

3. This Order is intended to establish the parameters of any ESI that is produced in this litigation except Small Productions as defined below. Nothing in this Order shall be deemed to establish the appropriate scope of discovery, or to limit a party's right to object to the scope of ESI required to be produced, to document requests, or otherwise. The parties reserve all objections under the Federal Rules of Civil Procedure, Federal Rules of Evidence, and any other applicable authority for matters relating to the production of documents and ESI.

4. Absent an order from the Court upon a showing of good cause, a party from whom ESI has been requested shall not be required to search for responsive ESI from sources that are not reasonably accessible without undue burden or cost. In particular, the following types of data stores are presumed to be not reasonably accessible and are not subject to discovery, and need not be collected or preserved, absent a particularized need for the data as established by the facts and legal issues of the case:

    a. Deleted, slack, fragmented, or other data only accessible by forensics;

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like;

    d. Back-up data that is substantially duplicative of data that are more accessible elsewhere;

    e. Server, system, or network logs;

    f. Data remaining from systems no longer in use that is unintelligible on the systems in use.

5. To conduct collections in a focused and efficient manner, the Parties also agree to exclude the following file types from collection: Standard system file extensions including, but not limited to, BIN, CAB, CHK, CLASS, COD, COM, DLL DRV, EXE, INF, INI, JAVA, LIB, LOG, SYS and TMP and other file extensions and directories that likely do not contain user-generated content such as files identified by hash value when compared to the National Software Reference Library reference data set (RDS Hash), a sub-project of the National

3

Institute of Standards and Technology ("NIST"), of known traceable system and application files. This process is commonly referred to as "De-NISTing."

6. A producing party shall disclose the methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties agree that the use of technology (such as active learning) may be appropriate and agree to meet and confer, in good faith, to discuss methodology, including the use of search terms in conjunction with active learning, the use of search terms alone, or the use of active learning alone.

7. A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians. For e-mails with attachments, the hash value is generated based on the parent/child document grouping.

8. If these types of documents are produced, the parties will produce e-mail and electronic documents in single-page tiff image format along with lfp and opt load files, or other agreed-upon load file for a specific application utilized by counsel. The specified metadata, to the extent it exists in the document, will be provided in a delimited file with the metadata fields included on the first line of the load file. The full body text extracted from the electronic files is preferred in a multi-page text file on the document level. The fields to be produced in the load file are:

- Document ID (production number)
- Beg Attach / End Attach
- Create Date
- Sent Date
- Modified Date
- Saved Date
- Time Created
- Subject
- Author
- From

- ☐ To
- ☐ CC
- ☐ BCC
- ☐ File Name
- ☐ File Extension
- ☐ Application File Size
- ☐ Full File Path
- ☐ Custodian (including all custodians who possessed a MD5hash deduplicated copy)
- ☐ Redacted (y/n)
- ☐ Confidentiality Designation
- ☐ MD5Hash

9. If documents are redacted or withheld from production based on privilege or work product claims, the producing party shall supply a list or log of the documents for any such claim(s), indicating the grounds for withholding such documents.

10. With respect to the clawback procedure governing the disclosure of ESI or other documents that are subject to the attorney-client privilege or attorney work product protection, the parties agree to the following:

    a. The production of privileged or work-product protected documents or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other proceeding. This ESI Protocol shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    b. Privileged communications involving counsel to this proceeding that post-date the filing of the Complaint and communications to or from outside legal counsel for a Party need not be placed on a privilege log.

11. To the extent information from databases is requested, the parties shall meet and confer to resolve issues concerning the production format of database information (structured data) or definition before resorting to motion practice.

12. The parties shall take all reasonable steps necessary to preserve throughout the duration of the above-captioned litigation all documents and ESI that are reasonably anticipated to be subject to discovery in this action.

13. The parties agree that they will use good faith efforts to avoid imposing excessive costs and burdens upon each other regarding the identification, preservation, retrieval, review, and production of ESI. To that end, each party may produce a Small Production of documents and ESI in either native format or PDF format instead of the formats described in the remainder of this document. A "Small Production" is a party's production in response to discovery that consists of less than 400 documents in a native format or less than 2000 pages in a standard PDF format.

14. As a general matter, the costs of producing discovery, including ESI, shall be borne by each respective producing party. However, the Court may, upon appropriate application by a party, consider limiting or apportioning the costs of discovery for good cause and/or under the applicable rules of proportionality.

15. This protocol shall have no effect on any producing party's right to seek reimbursement for unreasonable costs associated with any aspect of responding to document requests, including but not limited to the collection, processing, review, or production of documents or ESI.

16. This stipulation may be amended by agreement of counsel for the parties in the form of a written stipulation filed with the Court.

**STIPULATED AND AGREED:**

| PARONICH LAW, P.C. | COZEN O'CONNOR |
|---|---|
| By: */s/Anthony Paronich* | By: */s/Rachel B. Soloman* |
| Anthony Paronich | Rachel B. Soloman |
| 350 Lincoln St., Suite 2400 | 3 WTC, 175 Greenwich Street, 55th Fl. |
| Hingham, MA 02043 | New York, NY 10007 |
| (617) 485-0018 | (212) 908-1378 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

Dated: February 25, 2026

**SO ORDERED:**

Date: _____, 2026    _____
                               JUDGE DIANA GUAJARATI

7